## STATE ex FORGETTE v INDUSTRIAL COMMISSION et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3243. Decided June 12, 1940.

Joseph E. Bowman, Columbus, for relator-appellant.

Strelitz & Dowler, Marion, for The Marion Steam Shovel Co., respondents-appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of Relator's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The following brief summary of the historical facts, in chronological order, will render understandable the nature of the controversy:

The Respondent, The Marion Steam Shovel Company, of Marion, Ohio, was an employer of labor and was subject to the Industrial Insurance Laws of the State of Ohio. It had duly elected to compensate its injured or the depend-

ents of its killed employees, as authorized by the State Compensation Laws of Ohio.

On November 9, 1934, Relator, while in the course of his employment with the said The Marion Steam Shovel Company, and arising out of said employment, sustained severe injuries, for which he was entitled to be compensated. The Respondent Commission, after hearing, made an award on a temporary total basis until April 8, 1935, and on a temporary partial basis until September 30, 1939, all of which was paid by the employer. On a later date, the employer stopped payment and took the position that it had no authority to continue payments beyond said date.

On December 14, 1939, Relator filed his petition in the Common Pleas Court, praying for a writ of mandamus.

On January 4 thereafter, Respondent filed a general demurrer, which, upon hearing, was sustained and Relator granted leave to file an amended petition.

On February 20, 1940, an amended petition was filed and on March 4 thereafter Respondent again filed a general demurrer to the petition as amended.

On March 29 the trial court sustained the demurrer and Relator, not desiring to plead further, the petition was dismissed and judgment for costs assessed.

Within due time notice of appeal was duly filed on questions of law.

The amended petition sets out the factual questions above related and in addition thereto relates facts which in substance are as follows:

It is alleged that the position taken by the employer was justified by erroneous reports and recommendations made by the legal and medical sections of the Commission and an erroneous order made by the Commission, the material parts of which were as follows:

"1st. That he should be compensated on temporary partial basis in accordance with medical proof now of record which would entitle him to 40% to 50% impairment—; that compensa-tion be continued on basis of impairment of $9.00 per week from date of last payment to date, and continued on the same basis to May 11, 1940, with a re-examination, **unless wage statement shows a lesser impairment;** that claimant be urged to take up employment suitable to his condition **and file wage** statements, etc.

"2nd. That he be compensated on the basis of impairment of $6.00 per week—i. e., at the rate of $4.00 per week from April 16, 1939 to September 30, 1939 unless **wage statements show a lesser impairment;** that he be urged **to file in the record a statement of his earnings from May 28, 1939 to date and continue to file such statements monthly."** (Vide: Relator's Exhibits B and C). (Emphasis ours).

Relator further says that following the foregoing recommendations and order based thereon, the Relator, by motion, called to the attention of said Commission the error they committed by making the foregoing order. The particular complaint refers to that part of the order urging the filing in the record a statement of earnings from May 28, 1939, to date and continuing to file such statements monthly. Relator's motion, after hearing, was dismissed.

It is further alleged that Relator's status has been determined by the Commission as temporary partial disability with an impairment of 40% to 55%, and therefore he should be compensated according to the provisions of the statute (§1465-80 GC), but that said Commission by an erroneous order, whereby Relator is required to file wage statements, is erroneously forcing Relator to comply with §1465-79 GC, which it is alleged does not apply to his status as fixed by said Commission. It is further alleged that the Commission has made compliance with its erroneous order a condition precedent to Relator's right to continue to receive compensation and thereby justifies the refusal of the employer to continue its compensation. It is also alleged that by reason of the foregoing wrongs and abuse of discretion on the part of the

318

Commission Relator has no adequate remedy at law.

The prayer of the amended petition is as follows:

"Wherefore, Relator prays that a writ of mandamus issue, directed to said Commission, commanding it to amend its order of June 26, 1939, in so ffar as said order requires Relator to 'file wage statements, and make said order conform with the law applicable to the status of Relator as fixed and determined by said Commission."

We start with the proposition that counsel for Relator is absolutely right in his argument that the █ Commission would have no right to deny Relator further compensation on account of impairment of earning capacity by solely considering Relator's present earnings. The Supreme Court has very definitely and positively so stated. The case of **Industrial Commission v Royer, 122 Oh St 271**, Syllabus 1, reads as follows:

"The provisions of §1465-84, GC, requiring that the average weekly wage of injured persons at the time of injury shall be taken as the basis upon which to compute benefits, operates as a limitation upon an award for impairment of earning capacity under §1465-80 GC."

Again, more directly, on page 273, Judge Marshall, delivering the opinion of the court, speaks as follows:

"The fact, if it was the fact, that she was earning more than the wage received at the time of the injury, is not controlling, or even important. It is not a question of actual earnings, but of impairment of earning capacity. The fact of increased or decreased earnings has no essential relation to earning capacity."

Also see **State ex Rubin v Industrial Commission of Ohio, 134 Oh St 12**, and particularly page 16 of the per curiam:

"Under §1465-80 GC, however, the allowance for partial disability is based on impairment of earning capacity; on the contrary, §1465-79 GC, allows a percentage of the average weekly wages for temporary total disability. There is evidently a distinction between the two sections. Under §1465-80, the loss sustained is an impairment of earning power; under §1465-79, it is loss of wages."

Our court had under consideration this identical question in the case of **State ex Westley v Industrial Commission, 59 Oh Ap 486.** Syllabi 1 and 2 read as follows:

"1. A workman, partially disabled by injury received in the course of his employment as a relief worker, is entitled to compensation based upon the impairment of his earning capacity, as provided in §1465-80 GC; and the fact that he is earning, or is donated under relief, more than he was earning at the time of his injury is not material or controlling.

2. Sec. 1465-80 GC, is to be distinguished from §1465-79 GC, covering temporary total disability, which provides for compensation for loss sustained on account of such injury."

On pages 490 and 491 of the opinion we volunteered the following, which is purely dictum and in no sense considered as any attempt to modify the rule as announced in **122 Oh St**, supra, and **134 Oh St**, supra:

"We fail to see that the commission has a right to require this although it may be possible that in the further examination of this case the amount he has received may throw light upon the impairment of his earning capacity and so may become pertinent."

While Relator's petition states the conclusion that the Commission has made compliance with its erroneous order a condition precedent to Rela-

tor's right to continue to receive compensation and thereby justifies the refusal of the employer to continue to compensate Relator, nevertheless the purported order of the Commission cannot be given such a construction, and, therefore, the pleader's conclusion is erroneous. All that the order says is that the claimant is urged to file in the record a statement of his earnings and so forth. This falls far short of creating a condition precedent, as claimed. The difficulty with Relator's position is that he is anticipating what the Commission would do when he filed an application for additional compensation beyond the date of last payment. However well founded his suspicions might be, it is necessary that the Commission directly base its order of refusal to allow additional compensation on the claim of continued impairment of earning capacity on the ground that Relator refused to file current wage statements. If the Commission refuses to consider an application when filed or bases a conclusion of no allowance on the ground of failure to file such wage statements, such action would constitute an abuse of discretion and Relator would then be entitled to a writ to compel action on the proper basis. The trial court based its conclusion in sustaining the demurrer mainly on the ground that Relator had a remedy at law. and hence the right of mandamus would not lie until such remedy had been exhausted, and we are in thorough accord with the court's conclusion. Other reasons were assigned which we do not deem it necessary to comment upon.

It is not unusual, in fact it is the usual procedure where the Commission in the exercise of its continuing jurisdiction from time to time makes orders which by their terms expire on a given date, to again, on application, continue its order for another period on the same or different terms and so on ad infinitum, so long as it is within the jurisdiction of the Commission to act. Sec. 1465-86 GC, expressly provides for the continuing jurisdiction of The Industrial Commission. By rule of the Commission this section is made applicable to self-insurers. Section 22 reads as follows:

"* * * if a claim is not in the course of being considered by the Commission, and the claimant seeks to have additional compensation granted beyond the date of last payment of compensation * * * he shall make application to his employer for payment of such additional compensation * * *. In the event no satisfactory agreement can be reached between the claimant and the employer, it shall be necessary for the claimant to file with the Commission an application, setting forth fully the matter complained of, and the action or relief desired. Said application shall be made upon form C-85a, APPLICATION FOR ADDITIONAL COMPENSATION BEYOND THE DATE OF LAST PAYMENT, * * *. This application shall also be used when the claimant requests both a Modification of a Previous Award, and Additional Compensation Beyond the Date of Last Payment of Compensation, * * *."

In the case of The State ex Grant v The Industrial Commission of Ohio, 110 Oh St 187, on page 188 the court, in its per curiam, speaks as follows:

"Inasmuch as the Commission has continuing jurisdiction by virtue of §1465-86 GC, this court is of the opinion that relator has an adequate remedy at law and that he should be remitted to a further hearing before the Commission under its continuing jurisdiction."

On September 30, 1939, Relator should have filed his application for modification of award and continued compensation for claimed impairment of earning capacity. He may do so yet, unless, perchance, the right is lost through lack of time. We have no reason to think that the Commission would not properly consider the application in the light of the decisions of the Supreme Court in 122 Oh St, supra, and 134 Oh St, supra, and this regardless of the fact that some parts of the lan-

guage of the order complained of might indicate that the Commission was laboring under a misapprehension as to what should be the basis of its order. It not infrequently happens that courts in the trial of cases make statements indicative of their line of thought, but such statements are not prejudicially erroneous when the court arrives at the correct conclusion in its final determination.

We also call attention to the following authorities as sustaining the principle that a writ of mandamus will not lie where there is a remedy at law:

25 O. Jur., page 1009, §32;
State ex Kaufman v Industrial Commission, 121 Oh St 472;
State ex Gladman v Industrial Commission, 136 Oh St 90.

During the presentation of the oral argument we indicated to counsel that we were not able to grasp the force of his claim that a writ should issue to the Commission, commanding it to amend its order in so far as it required Relator to file wage statements.

Now that we have made a more complete analysis°of the pleadings in connection with the briefs, we unhesitatingly adhere to our suggestions that this part of the order was immaterial and contained nothing in substance.

It is only when the Relator has suffered a wrong that the law provides him a remedy. Whether or not Relator will be wronged can only be determined when he has filed his application for modification of award and continuance of allowance for impairment of earning capacity, and the Commission has denied or refused to consider his application, or it affirmatively appears that it bases its order upon a wrong premise.

As we understand, no complaint is made as to the amount of payment up to September 30, 1939. Relator is fearful that the Commission will follow an improper basis if and when his application is filed.

We have no power to anticipate that the Commission will so do, however well founded his suspicions might be.

The judgment of the trial court will be affirmed.

Costs will be adjudged against the appellant.

HORNBECK, PJ. & GEIGER, J., concur.